STEPHEN SUTPHIN *against* HARDENBERGH and TUNISON.

If there is an interlineation in a material part of an appeal bond, which is not noted at the foot thereof, the bond will be defective, and the appeal may be dismissed.

*Vroom* moved for a peremptory *mandamus*, to be directed to the Court of Common Pleas of the county of Somerset, to compel them to restore an appeal which had been dismissed on account of an alleged insufficiency of the appeal bond; and he read a state of the case agreed upon by the attorneys of the parties, by which it appeared that several objections to the bond were taken in the Court of Common Pleas. The only one necessary to be noticed is : that there was an interlineation in the bond of the words "*and ten dollars*," which interlineation was not, in any manner, stated to have been made previous to its execution, or noted on the bond. He contended that the Court of Common Pleas erred in dismissing the appeal on that ground; that the interlineation did not vitiate the bond; and that in the absence of all testimony, the presumption was, that the interlineation was made before the execution of the bond.

*J. S. Green*, contra. Unless there be a regular appeal bond, the court below has no jurisdiction. The alteration in this bond is in a material part of it. Because if that part of the bond is struck out, the Court of Common Pleas have.

no jurisdiction. The presumption of law is, that the interlineation is made after the execution unless the contrary appears.

CH. JUSTICE. The Court of Common Pleas did right in dismissing the appeal. The party appellee is entitled to have a bond perfect upon the face of it. If the presumption is that the alteration was made before the execution, yet it is only a presumption, and may be overcome by proof to the contrary. Whether the alteration was made before or after the execution, must be put to a jury to determine, and the bond may be found to be invalid. The appellee is not compelled to take a bond which may turn out to be bad. He is entitled to a good bond.

Motion refused.